IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANIEL ALEX,<br><br>   Plaintiff,<br><br> vs.<br><br>WARDEN GODFREY and CHIEF HENSON**,**<br><br>   Defendants. | CV 25-56-GF-BMM<br><br><br>ORDER |

Plaintiff Daniel Alex filed a Complaint related to his incarceration at Crossroads Correctional Center, Shelby, Montana. (Doc. 2.) The Complaint failed to state a claim for relief. (Doc. 4.) Alex was allowed to amend. (Doc. 5.) Alex's Amended Complaint likewise fails to state a claim and is dismissed.

## I.  SCREENING PURSUANT TO 28 U.S.C. § 1915A

Alex is a prisoner suing a governmental defendant, so the Court must review his Complaint under 28 U.S.C. § 1915A. Section 1915A(b) requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A

complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed

with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be

granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief."  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

   The Court incorporates its previous screening order here. (Doc. 4.) Alex

continues to assert First Amendment and Fourteenth Amendment claims. Alex has

not substantially amended the facts he alleges. Instead, Alex has included

additional legal citations and argument. As to his First Amendment claim, Alex has

provided nothing additional to show that he is not able to access the content he

seeks. Alex focuses on the fact that the book was approved and then approval was

revoked. (Doc. 5 at 18.) The dispute focuses on the physical form in which that

content is available. Alex does not allege that the Government defendants restrict

the content itself. Alex does not state a First Amendment claim.

   As to his Fourteenth Amendment claim, Alex fails to allege sufficient facts

to show he lacked due process regarding the rejection of his book. Alex instead has

repeated the conclusion that he was provided administrative remedies he did not

pursue. Exhibits 4 and 5 to his Amended Complaint show that Alex asked for a

form by which to appeal the denial of his book. The deputies provided the form to

Alex. Alex attaches Exhibit 6, which is the appeal form that he did not file. (Doc. 5-1 at 4 - 6.) Alex fails to allege facts to state a plausible claim for the denial of due process.

Finally, Alex has failed to allege facts that show the personal involvement of the named defendants. Again, despite the Court's prior Order, Alex alleges that Defendants are responsible for the rejection of his book because they are involved in setting policy at the prison. If anything, the initial approval of the book, as a hardback, was against policy. Thus, any involvement in creating policy was not the source of any alleged injury suffered by Alex.

## III. CONCLUSION

28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted.  Alex's Complaint fails to state a claim and must be dismissed.

Accordingly, the Court issues the following:

### ORDER

1.      Alex's Amended Complaint is **DISMISSED** for failure to state a claim.

2.      The Clerk of Court is directed to close this matter and enter judgment. The Clerk shall note in the docket that the dismissal of this Complaint counts as a

strike against Alex within the meaning of 28 U.S.C. § 1915A. The Court certifies

that appeal would not be taken in good faith.

DATED this 8th day of October, 2025.

_____
Brian Morris, Chief District Judge
United States District Court